HeNdersoN, Judge.
 

 The Defendant, if guilty of any offence, is so at the Common Law ; for the act of the Legislature, passed in the year 1797, ch. 19, in making the receivers of stolen goods accessories after the fact, relates to such offences only as arc capable of having accessories. And that part which authorises a prosecution for a misdemeanor for receiving stolen goods, refers
 
 *464
 
 to such receivers as are embraced in the preceding section—(See 4
 
 Bl. Com. Foster
 
 73.) And according to Goff’s case, in this Court, July Term, 1809, if he was wjthin the provisions of this act, he could not have been put upon his trial while the principal offender was un-convicted and amenable to the process of the Court—(See
 
 Foster 371.)
 
 And I must confess, that after a very diligent examination, I am brought to believe that the act imputed to him is not punishable at all. In petit larceny there are no accessories, but all who are concerned are guilty as principals, if at all. In treason there are no accessories, for all concerned are traitors ; but for opposite reasons, the magnitude of the offence in treason renders criminal in the highest degree, all who in any manner are concerned in it: their offence is not in truth and reality, as great as that of those who actuly perpetrate the treasonable
 
 act;
 
 but the Law knowing no greater crime than treason, and the aider or adviser being guilty of that offence, it has no standard by which the different degrees of guilt between the two species of offences or treason can be measured or graduated : as the Law punishes with death both the robber and the
 
 murderer;
 
 not because their crimes are equal, but because robbery is thought to deserve death, and no more than death can be inflicted on the murderer. In petit larceny and smaller offences, only those who are
 
 concerned
 
 in the
 
 commission
 
 of the offence, in other words, those who in higher crimes would be principals in the first or second degree, are deemed to be concerned or criminal at all, the law
 
 barely
 
 punishing the principals or actors, for
 
 de minimis non curat lex.
 
 If it is asked, how it is shewn that receivers of stolen goods are not concerned in the act, I think it is capable almost of demonstration : a receiver of the
 
 thief
 
 in grand larceny is an accessory, and of course a felon
 
 ;
 
 to receive
 
 the stolen goods
 
 in such case is a bare misdemeanor, which is less than felony. In petit larceny, the receiver of the thief is neither an
 
 *465
 
 Accessory nor a felon, it is no offence at all; therefore, receiving the goods, which is shewn to be a less criminal act, cannot be any offence at all. I cannot distinguish this case from Evans’s case, reported in
 
 Foster
 
 73. I understand that in that case the twelve Judges decided, not only that he was not subject to transportation under the 14th Geo. but that he ought not to have been tried at all, and lie was discharged accordingly. If he was not guilty under the act of Geo. if the offence of which he was convicted was a misdemeanor at the Common Law, he would have received a Common Law punishment. I am therefore compelled to say, that I can find no law for punishing the Defendant. I am aware that
 
 Hawkins
 
 says, (2
 
 Vol.)
 
 that possibly to receive a person guilty of a bare misdemeanor, is a contempt of law, as tending to thwart the administration of justice. He may be correct, but the books furnish no precedent of such a prosecution, for such an offence; it may possibly be a contempt of the law to receive the offender, as thereby he may escape, and the law be eluded
 
 ;
 
 but to receive the goods can be made a contempt of the law in enabling the offender to escape, by a very strained construction only. But if it was a misdemeanor at the Common Law to receive goods under the value of
 
 12d.
 
 yet no judgment can be given against the Defendant in this case : not at Common Law, because the principal fqlon has not been convicted, nor under the statute of 1797, (New
 
 Rev.
 
 847,
 
 chap.
 
 485.) That statute, so far as regards making the receivers of stolen goods accessories after the fact, can only be applied to those cases' which admit of accesso
 
 ries
 
 —(Foster 73;
 
 Evans’s case, 4 Bl. Com.)
 
 —and there are no accessories in petit larceny. But admitting that it does apply otherwise, the principal thief in this case is stated to be at large. See Goff’s case in this Court, July term, 1809. It appears by the preamble to the act, that the mischief intended to be remedied was the immunity afforded by the rides of the Common Law, where
 
 *466
 
 the principal felon
 
 eluded
 
 the process of the law. "Where ^ie principal did
 
 not elude
 
 the process, but was amenable, there was no mischief, as the Legislature conceived, an(j |(. ({¡c{ ,)0¿ |n case intend to change the law. And this construction is much strengthened by the words at the close of the first section, to wit
 
 t “
 
 which shall exempt the offender, if the principal shall be afterwards convicted.” The same inconvenience existed by the Common Law rule as to receivers of stolen goods, of which it appears the Legislature was aware,
 
 by
 
 using the words, “ and also make it their business to conceal such offendersthe act then makes them accessories after the fact, and that they may be prosecuted as for a misdemeanor, and punished as set forth in the preceding clause, although the principal felon be not before convicted of said felony, which shall operate as a bar, and prevent the offender from being punished as
 
 accessonj,
 
 if such principal felon be afterwards
 
 taken
 
 and convicted. From the whole of which it is quite evident, that the Legislature intended to make receivers of stolen goods accessories, where the principal offence admitted of accessories, and to punish them for a misdemeanor only where the principal offender was not taken: that where he was amenablo, they were satisfied with the rules of Common Law j and the only alteration introduced by this act, is, by the first section, to subject accessories to trial and punishment for a misdemeanor where the principal offender
 
 eludes
 
 the process of the law; and by. the second section, to make receivers of stolen goods accessories, (in offences capable of having accessories,) and to subject them to trial and punishment for a misdemeanor, where the principal was not taken, but eluded the process of the
 
 Law
 
 —(Foster 373.)
 

 I am, for these reasons, of opinion, that no judgment can be passed on the Defendant.
 

 Tavxor, Chief-Justice, and Hate, Judge, concurred.